IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ANDREW GEORGE,                *
    Plaintiff,             *
vs.                           *
                                   CASE NO. 4:17-CV-193 (CDL)
KIA AUTOSPORT OF COLUMBUS,    *
INC.,
                            *
    Defendant.
                             *

O R D E R

Andrew George worked for Kia Autosport of Columbus, Inc. ("Columbus Kia") until 2010. His fiancé worked for Columbus Kia from 2010 to 2014. George applied to be rehired in January 2017, and he claims that Columbus Kia refused to rehire him because he had helped his fiancé complain of racial and national origin discrimination more than two years earlier. Because George did not point to evidence to create a genuine fact dispute on causation, the Court grants Columbus Kia's motion for summary judgment (ECF No. 22).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment,

the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

In determining whether a genuine fact dispute exists, the Court reviewed Columbus Kia's citations to the record in its statement of material facts. And, though George did not respond to Columbus Kia's statement of material facts as required by the Court's local rules, the Court reviewed George's citations to the record in his response brief and the two declarations he submitted. The parties' citations to the record reveal the following facts.

George worked as a sales representative for Columbus Kia in 2006 and again from January 2009 to July 2010. George's fiancé, Bessie Williams, worked at Columbus Kia from 2010 until 2014. Williams, who is black, claims that she was subjected to national origin discrimination and a racially hostile work environment, mainly because Williams's coworkers made several remarks about her Afro hairstyle. In May 2014, George accompanied Williams to a meeting with Ed Braun, Columbus Kia's

general manager, to discuss the alleged discrimination. Braun asked the couple, "Do you think this is a black and white thing?" George Dep. 36:6-12, ECF No. 28. They both said no. *Id.* at 36:14-15, 49:15-20. In his Complaint, George alleged that Braun told Williams after the meeting that if she continued complaining, managers would make it difficult for her and George to gain employment elsewhere. Compl. ¶ 18, ECF No. 1. But George did not point to any evidence to prove this allegation; in fact, he disavowed it in his response brief. Pl.'s Resp. to Def.'s Mot. for Summ. J. 1, ECF No. 39. Furthermore, Williams stated: "I never said Mr. Braun would made [sic] it hard for Mr. George to get a job." Williams Decl. ¶ 4, ECF No. 39-2.

Between 2010 and 2016, George worked for a Kia dealership in Tallahassee, Florida. Columbus Kia and the Tallahassee dealership are part of the same family of companies, but they are separate companies with different owners. Lee Decl. ¶ 3, ECF No. 26. In August 2016, the Tallahassee dealership where George worked was sold. George asked Monroe Lee, who was a partner in Columbus Kia and had been a partner in the Tallahassee dealership until it was sold, if he could transfer to Columbus Kia. *Id.* ¶¶ 3-5. Lee explained that he had signed an agreement not to solicit employees of the Tallahassee dealership for competing businesses, and he told George that he would have to get permission from the new owners of the

3

Tallahassee dealership before he could apply for a job with Columbus Kia. *Id.* ¶¶ 4-6. Lee was not involved in the decision not to rehire George. *Id.* ¶ 7. George did not point to any evidence to create a genuine fact dispute on this issue.

After George got permission from the Tallahassee dealership, he visited Columbus Kia in January 2017 and applied to be rehired. George asserts that Braun was preoccupied when George visited the dealership but instructed two supervisors to interview him. George believes that these two supervisors would have supported rehiring him. George speculates that Clay Green, the general sales manager who made the decision not to rehire George, did not consult the two supervisors who interviewed him, but George did not point to any evidence on this point.

Green, the general sales manager, made the decision not to rehire George.[1] Green Decl. ¶ 5, ECF No. 24. Green did not consult Braun about his decision not to rehire George, and Braun was not involved in the decision. *Id.;* Braun Decl. ¶ 7, ECF No. 25. Green knew that George had come to the dealership for a meeting with Braun in 2014, but he did not know what the meeting was about. Green Decl. ¶ 6. George suspects that Braun *was* involved in the decision not to rehire him, but he did not point to any evidence to create a genuine fact dispute on this point.

---

[1] Columbus Kia presented evidence that Green contacted sales personnel who had worked with George, and he learned that George created animosity among his coworkers by arguing about sales and sales commissions. Green Decl. ¶¶ 3-4, ECF No. 24.

4

DISCUSSION

Title VII makes it unlawful for an employer "to discriminate against . . . applicants for employment . . . because [the applicant] has opposed" racial or national origin discrimination. 42 U.S.C. § 2000e-3(a). To prove a Title VII retaliation claim, a plaintiff must show that he engaged in activity protected under Title VII, that he suffered an adverse action, and that his protected activity "was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). "To establish a causal connection, a plaintiff must show that the relevant decisionmaker was 'aware of the protected conduct, and that the protected activity and the adverse actions were'" causally related. *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013) (quoting *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)).

The Court assumes for summary judgment purposes that George engaged in statutorily protected conduct when he accompanied Williams to her meeting with Braun in 2014.[2] The remaining question is whether George pointed to any evidence that this

---

[2] The Court assumes without deciding that George had a good faith, objectively reasonable belief that Columbus Kia subjected Williams to racial or national origin discrimination. The Court also assumes without deciding that George and Williams adequately communicated to Braun that their complaint was about racial and national origin discrimination and that the 2014 meeting thus constitutes protected activity under Title VII.

5

conduct was a but-for cause behind Green's decision not to rehire George. He did not. Although George believes that he was not hired because he opposed unlawful practices at Columbus Kia, he did not point to any evidence on this point. Critically, George did not point to any evidence that Green was aware of his 2014 protected activity. George also did not point to any evidence to rebut Columbus Kia's evidence that Green made the hiring decision without Braun's input and that Braun was not involved in the decision. Without some evidence that the decisionmaker was aware of George's 2014 protected activity and based his 2017 hiring decision on it, George cannot establish the necessary causal connection for his claim. Accordingly, Columbus Kia is entitled to summary judgment.

CONCLUSION

As discussed above, the Court grants Columbus Kia's motion for summary judgment (ECF No. 22).

IT IS SO ORDERED, this 7th day of January, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA